UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DAVID BALLON, an individual, | CASE NO. 06CV0074 IEG (WMc) |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| LAW OFFICES OF ROBIN W. ENOS, ROBIN W. ENOS, DESK NAME I. TUCKER, and ADVANCED DISPOSAL COMPANY, a company of Unknown Form,, | [Doc. 8, 12, 22] |
| Defendant. | |

    Presently before the court is a Motion to Dismiss filed by Best Way Disposal Co., Inc. ("defendant").[1] For the following reasons, the court **GRANTS** the defendant's motion and dismisses David Ballon's ("plaintiff") complaint without prejudice.

## BACKGROUND

    This case arises out of defendant's attempt to collect an outstanding debt owed to them by the plaintiff. The defendant hired an attorney, Robert W. Enos, and his firm to collect the money from the plaintiff. (Defendant's Opposition to Motion ("Opp.") at 2.) Mr. Enos sent a collection notice letter to plaintiff on August, 22, 2005, which plaintiff alleges violates state and federal

---

[1] Plaintiff's complaint names "Advanced Disposal Company, a company of Unknown Form" as a defendant. (Doc. No. 1.) However, Best Way Disposal Co., Inc. is the proper defendant as it conducts business under the name Advanced Disposal Company.

1  statutes pertaining to debt collection practices.  (Id. at 2.)

2  On January 12, 2006, plaintiff filed the original complaint in the instant action, (Doc. No. 1), and the Clerk of this Court issued summons for all named defendants – Mr. Enos, The Law Offices of Robin W. Enos, Desk Name I. Tucker, and the defendant. (Doc. No. 2.)  This summons bore the signature and official seal of the Clerk of this Court.  (Doc. No. 2. at 2.)  The summons was never returned executed as to any of the named defendants.  (Defendant's Memorandum In Support of Motion ("Memo. ISO Motion") at 2.)  On August 17, 2006, more than 6 months after the original complaint was filed, the court issued an Order to Show Cause for Dismissal for Want of Prosecution because of plaintiff's continued failure to serve the complaint and summons.  (Doc. No. 3.)

On September 14, 2006, the plaintiff filed a "proof of service of summons" for a First Amended Complaint ("FAC") as to Mr. Enos and the defendant.  (Doc. Nos. 4, 5.)  In response to the plaintiff's filing, the court vacated the Order to Show Cause on September 18, 2006.  The plaintiff, however, had not filed a First Amended Complaint with the court.  In addition, the plaintiff served the defendant by delivering the unfiled First Amended Complaint along with an unsigned, unsealed summons to "Dela [sic] Cosper, Customer Service Representative."  (Doc. No. 5; Declaration of Delia Cosper In Support of Motion ("Cosper Decla."), Exhibit 1, at 1.)

On October 12, 2006, defendant filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 4(m), 12(b)(4), and 12(b)(5) and a Request for Order to Show Cause Against Plaintiff For Failure to Serve Summons to the [sic] Complaint.  (Doc. No. 8.)  The plaintiff filed an opposition to the motion on November 6, 2006, (Doc. No. 19), and the defendant filed a reply on November 13, 2006.  (Doc. No. 21.)

**DISCUSSION**

**Legal Standard**

Rule 4 of the Federal Rules of Civil Procedure prescribe the form requirements for a proper summons and the manner of proper service of the summons.  Fed. R. Civ. Pro. 4.  "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. Pro. 4."  Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685,

688 (9th Cir.1988). Rule 12(b)(4) and Rule 12(b)(5) motions, while closely related and sometimes used interchangeably, challenge distinctly different elements of process.[2] See 5A Wright & Miller, Federal Practice and Procedure, § 1353, pp. 334-35 (3d ed. 2002).

A motion to dismiss under Fed. R. Civ. Pro. 12(b)(4) attacks the sufficiency of process, thus challenging the form of the summons itself.[3] Fed. R. Civ. Pro. 12(b)(4); Crane v. Battelle, 127 F.R.D. 174, 177 (S.D. Cal. 1989). A defect in the form of the summons results from "noncompliance with the provision of [Fed. R. Civ. Pro] 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." Wasson v. Riverside County, 237 F.R.D. 423, 424, (C.D. Cal. 2006) (quoting United States v. Hafner, 421 F. Supp. 2d 1220, 1223 n.3 (D.N.D.)). Most defects in the form of the summons are considered technical in nature. Crane, 127 F.R.D. at 177 (stating that Rule 12(b)(4) motions are most often brought on the theory that a summons does not contain the correct name of the defendant); see also U.S.A. Nutrasource, Inc. v. CNA Insurance Co., 140 F. Supp. 2d 1049, 1053 (N.D. Cal. 2001) (holding that improper designation in summons of the defendant as a corporation and not a service mark was technical defect not warranting dismissal). Thus, dismissal is generally not appropriate unless the moving party can establish some actual prejudice. Id.

In contrast, a Rule 12(b)(5) motion, which is based on insufficiency of the service of process, does not challenge the form of the summons, but the service of the summons on the defendants.[4] Fed. R. Civ. Pro. 12(b)(5). A Rule 12(b)(5) motion is the proper vehicle for challenging the lack of delivery or the failure to comply with the provisions of Rule 4(d)-(m),

---

[2] In deciding upon a Rule 12(b)(4) or Rule 12(b)(5), the court may consider materials outside the pleadings. Travelers Casualty and Surety Co. of America v. Telestar Construction Co., Inc., 252 F. Supp. 2d 917, 922-23 (D. Ariz. 2003).

[3] Rule 12(b) states in relevant part: "Every defense, in law or fact, . . . shall be asserted in the responsive pleadings . . . except that the following defenses may at the option of the pleader be made by motion . . . (4) insufficiency of process; (5) insufficiency of service of process . . . ." Fed. R. Civ. Pro. 12.

[4] "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444-45 (1946). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc., 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999).

1  which outline various requirements of service.  <u>Wasson</u>, 237 F.R.D. at 424.  The failure to properly

2  serve defendants grants the court broad discretion to dismiss an action pursuant to Rule 12(b)(5) or

3  quash service of process in the alternative.  <u>Stevens v. Security Pacific National Bank</u>, 538 F.2d

4  1387, 1389 (9th Cir. 1976); <u>English v. Krubsack</u>, 371 F. Supp. 2d 1198, 1201 (E.D. Cal. 2005)

5  (citing <u>Reynolds v. United States</u>, 782 F.2d 837, 838 (9th Cir. 1986)).  "Where the validity of

6  service is contested, the burden is on the party claiming proper service has been effected to

7  establish the validity of service."  <u>Cranford v. United States</u>, 359 F. Supp. 2d 981, 984 (E.D. Cal.

8  2005).

9  **Analysis**

10 <u>Dismissal for Insufficiency of Process</u>

11       Defendant first challenges the sufficiency of process for the FAC under Rule 12(b)(4).

12 (Memo. ISO Motion at 3-6.)  Although the plaintiff filed a proof of service on September 14,

13 2006, (Doc. No. 5), defendant argues that the action should be dismissed because the plaintiff

14 served a FAC that was never filed with the court and a summons that was unsigned and failed to

15 bear the seal of the clerk of the court.  (Memo. ISO Motion at 3; Cosper Decla, Exhibit 1, pg. 1.)

16 Defendant argues that these defects are significant enough to warrant dismissal of the action.

17 (Memo. ISO Motion at 5.)  Plaintiff does not dispute defendant's argument regarding the

18 sufficiency of process.[5]

19       Generally, dismissals for insufficiency of process are disfavored by courts as most process

20 defects are technical in nature and can be easily cured.  <u>See e.g.</u>, <u>U.S.A. Nutrasource, Inc.</u>, 140 F.

21 Supp. 2d at 1052-53 (declining to dismiss action where plaintiffs' error was a minor defect in the

22 name of the defendant that did not prejudice actual defendant); <u>Chan v. Society Expeditions, Inc.</u>,

23 39 F.3d 1398, 1404 (9th Cir. 1994).  This is the general rule because most challenges to the

24 sufficiency of process relates to misnomers by the plaintiff or other minor defects that do not

25 prejudice the defendants.  <u>United Food & Commercial Workers Union, Locals 197, 373, 428, 588,</u>

---

[5] Inexplicably, the plaintiff does not respond to any of the arguments raised by defendant in its memorandum in support of the motion to dismiss.  The plaintiff's opposition raises arguments as if the defendant filed a Rule 12(b)(6) motion to dismiss for failure to state a claim.  (Opp. at 1-7.) However, defendnt moves for dismissal pursuant to Fed. R. Civ. Pro. 4(m), 12(b)(4), and 12(b)(5). (Memo. ISO Motion at 2-10.)  12(b)(6) is not mentioned at all in defendant's motion or memorandum.

1  775, 839, 870, 1119, 1179 and 1532, by United Food & Commercial Workers Intern. Union,

2  AFL-CIO v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984).  However, where there has

3  been a flagrant disregard for the form requirements of Fed. R. Civ. Pro. 4(a)-(b), dismissal may be

4  appropriate because such defects cannot be cured by amendment.  Cloyd v. Arthur Anderson &

5  Co., 151 F.R.D. 407, 409 (D. Utah 1993) (stating that unsigned, unsealed summons is an incurable

6  defect); 4A Wright & Miller, Federal Practice and Procedure, §1088, pp. 462-63; see also United

7  States v. National Manufacturing, Inc., 125 F.R.D. 453, 455 (N.D. Ohio 1989) ("Plaintiff's failure

8  to serve defendant with a signed and sealed summons cannot be regarded as a mere oversight that

9  warrants perfunctory amendment."); Macaluso v. New York State Dept. of Environmental

10  Conservation, 115 F.R.D. 16, 17-18 (E.D.N.Y. 1986).

11        The text of Fed. R. Civ. Pro. 4(b) states that "[u]pon or after filing the complaint, the

12  plaintiff may present a summons to the clerk for signature and seal.  If the summons is in proper

13  form, the clerk shall sign, seal and issue it to the plaintiff for service on the defendant."  Fed. R.

14  Civ. Pro. 4.  By the explicit language of Rule 4(b), two of the few essential requirements of a

15  summons is the proper filing of the complaint prior to service of the summons and the clerk's seal

16  and signature.  Cf. Maricopa County v. American Petrofina, Inc., 322 F. Supp. 467, 469-70 (D.C.

17  Cal. 1971).  Both requirements were not met in the instant case.  (Cosper Decla. ISO Motion,

18  Exhibit 1, p. 2.)  See Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987)  (stating that

19  substantial compliance with Rule 4 is required).  Therefore, plaintiff has not complied with the

20  baseline requirements of Rule 4(b).[6]  Plaintiff fails to provide an explanation for his substantive

21  procedural oversights or articulate arguments why the court should not dismiss the case.  In sum,

22  the defects in process are not merely technical in nature but fatal to proper process and dismissal is

23  appropriate.  See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 (3d Cir. 1996) ("[W]e hold

---

[6] Courts have consistently dismissed actions without prejudice where the plaintiff served an unsigned, unsealed summons.  See e.g., Schroeder v. Kochanowski, 311 F. Supp. 2d 1241, 1256 (dismissing action where process was defective due to service of unsigned, unsealed summons) (D. Kan. 2004); Barrett v. City of Allentown, 152 F.R.D. 46, 49 (E.D. Pa. 1993); Macaluso, 115 F.R.D. at 17-18 (E.D.N.Y. 1986); cf. Gianna Enterprises v. Miss World (Jersey) Ltd., 551 F. Supp. 1348, 1358 (D.C.N.Y. 1982) ("The very existence of Rule 4(b) counsels that a defendant should not be made to answer a summons and complaint without first . . . being assured that the summons properly issues from a court.  To allow plaintiffs always to amend their defective summons . . . would eviscerate and make a mockery of the formal commands of Rule 4(b) . . . .").

1  that a summons not issued and signed by the Clerk with the seal of the court affixed thereto fails to
2  confer personal jurisdiction over a defendant even if properly served.").

3  <u>Dismissal for Insufficiency of Service of Process</u>

4        In addition to the defect in process, defendant also argues the service of process was
5  inadequate in regard to the FAC.  (Memo. ISO Motion at 5.)  Defendant claims the plaintiff served
6  the defective summons and FAC upon defendant's Customer Service Representative ("CSR"),
7  who is not authorized to receive service on behalf of the corporate defendant.  Under the Federal
8  Rules of Civil Procedure or the California Code of Civil Procedure, service upon an unauthorized
9  employee is ineffective to effectuate proper service.  Again, the plaintiff offers no response or
10 rebuttal to the defendant's arguments.

11       Fed. R. Civ. Pro 4(h) outlines the procedure for properly serving a corporation.  The rule
12 states in relevant part:

13 > Unless otherwise provided by federal law, service upon a domestic or foreign corporation . . . that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected: (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

17 Rule 4(e)(1), which is referenced in the text of Rule 4(h) states that service may be effectuated
18 "pursuant to the law of the state in which the district court is located . . . ."  Fed. R. Civ. Pro.
19 4(e)(1).  Taken together, a plaintiff may properly serve a corporation through the agents outlined in
20 Rule 4(h) or through the appropriate state civil procedure, which in this case is California.  <u>Direct</u>
21 <u>Mail Specialists</u>, 840 F.2d at 688.

22       Under Ninth Circuit interpretation of the Federal Rules of Civil Procedure, service of
23 process for corporations is not limited to those individuals specified in Rule 4(h).  <u>Id.</u>  Service may
24 also be made to: 1) an individual who holds a position that indicates authority within the
25 organization; or 2) who is so integrated within the organization that he or she will know what to do
26 with the papers.  <u>Id.</u>  This determination is largely a factual inquiry.  <u>Id.</u>

27       In the instant case, it is undisputed that plaintiff only delivered the unsigned unsealed
28 summons and the unfiled FAC to the defendant's CSR.  (Cosper Decla. ISO Motion at ¶ 2.)   The

1 CSR's employment responsibilities are limited to assisting the defendant's customers regarding
2 their accounts either through written, telephonic, or face to face communication.  (Id.)  She is not
3 the designated agent for service and there is no evidence that she told the server that she had
4 authority to receive service.  (Declaration of Rand Romig In Support of Motion ("Romig Decla.
5 ISO Motion") at ¶ 3.)  The within the company and there is no evidence before the court that any
6 such authority was granted to her by the defendant. Id.; see 4A Wright & Miller, supra, § 1097, at
7 537-38.  Furthermore, there is no indication that the CSR was so integrated within the defendant's
8 organization as to reasonably expect her to appropriately deal with a summons.  See Direct Mail
9 Specialist, 840 F.2d at 688-89 (stating that where secretary's role as only employee was
10 "commensurately large in the structure of the company" and thus created a reasonable belief the
11 delivery of summons to secretary was sufficient).  Plaintiff does not present any evidence to
12 establish that the CSR was an agent with appropriate authority to receive service under the Federal
13 Rules of Civil Procedure.

14 Service was likewise defective according to the California Code of Civil Procedure.  Under
15 California law, a plaintiff may deliver a copy of the summons and the complaint "[t]o the person
16 designated as agent for service of process . . . [t]o the president or other head of the corporation, a
17 vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general
18 manager, or a person authorized by the corporation to receive service of process . . . ."[7] Cal. Civ.
19 Proc. Code § 416.10.  The scope of corporate employees authorized by statute to receive service
20 under California law is broader in scope than the parallel federal rule.  Nonetheless, plaintiff's
21 service fails under California law as well.

22 In the instant case, the agent designated by the defendant to receive service is Mr. Robert
23 Bath.  (Romig Decla. ISO Motion ¶ 4.)  This information can easily be obtained from the official
24 Internet website of California's Secretary of State, which is available to the general public.
25 (Romig Decla. ISO Motion, Exhibit 2.)  Plaintiff did not serve the agent designated for service.

26

27 [7] Under California law, plaintiffs may also serve corporate defendants by substituted service
28 with a follow-up delivery by mail or by mail with an acknowledgment of receipt of summons. Cal. Code Civ. P. §§ 415.20, 415.30.  The court need not address either acceptable method of service as there is no indication that plaintiff attempted any type of service through the mail.

- 7 - 06cv0074

The defendant's CSR, who the plaintiff did serve, is not designated by Cal. Civ. Proc. Code § 416.10. as an individual who can appropriately receive service.[8] She also does not have managerial responsibilities or even duties similar to a secretary where she would reasonably be expected to interact closely with management. (Cosper Decla. ISO Motion ¶ 2.); Direct Mail Specialists, 840 F.2d at 688-89. Plaintiff again fails to present evidence to establish that he substantially complied with California's statutory scheme for service upon corporations. See Summers v. McClanahan, 140 Cal. App. 4th 403, 411-13 (holding that while courts construe service rules liberally, the plaintiff must still present some evidence of substantial compliance). Under Fed. R. Civ. Pro or the Cal. Civ. Code, plaintiff has not acceptably served the defendant.

The court need not address the defendant's third argument that plaintiff failed to serve the original complaint in compliance with Fed. R. Civ. Pro. 4(m). (Memo. ISO Motion at 6-8.) The record shows that the plaintiff intended the FAC to function as the operative pleading despite his failure to comply with the basic requirements of a summons and service of the complaint and summons. While either deficiency is sufficient on its own to support a dismissal, dismissal is particularly appropriate where there is both insufficiency of process and service of process.

## CONCLUSION

For the reasons stated above, the court **GRANTS** defendant's motion to dismiss **without prejudice**. Plaintiff must properly file the first amended complaint with the Clerk of the Court no later than December 18, 2006. The plaintiff must properly serve the defendant with a summons and filed complaint no later than February 5, 2007.

**IT IS SO ORDERED.**

**DATED: December 6, 2006**

*(signature)*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[8] Furthermore, the form of the summons does not comply with California law similar to its defect according to Fed. R. Civ. Pro. 4(b). The summons served to the defendant's CSR did not notify her that she was being served on behalf of the corporate defendant, as mandated by Cal. Civ. Pro. §412.30. (Doc. No. 5); see Dill v. Berquist Construction Co., 24 Cal. App. 4th 1426, 1429 (1986).